Fred JOBST, Plaintiff–Appellant,

v.

CAMELOT VILLAGE ASSOCIATION, INC., et al. Defendants–Appellees.

No. 03–3679.

United States Court of Appeals, Seventh Circuit.

Submitted March 24, 2004.*

Decided March 30, 2004.

Fred Jobst, Greenfield, WI, pro se.

Kevin A. Christensen, Leib & Katt, Russell A. Klingaman, Hinshaw & Culbertson, Milwaukee, WI, for Defendants–Appellees.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

In August 2001 Fred Jobst filed suit under the Fair Housing Amendments Act of 1988 (FHAA), *see* 42 U.S.C. § 3601 *et seq.*, alleging that the defendants discriminated against him on the basis of his disability. Jobst has never revealed the nature of his disability, except to say that it renders him unable to work. He has offered slightly more detail about what the defendants did to prompt this lawsuit. Jobst claimed that defendants refused to respond to several work orders that he submitted, called the police to report that he was landscaping and gardening the property of his neighbors without permission, and excluded him from a Camelot Village Association meeting. Without elaboration or substantiation, he asserted that all of these actions were disability discrimination. The district court granted summary judgment for the defendants because Jobst failed to provide any details about his disability or any proof that the defendants engaged in disability discrimination.

On appeal Jobst devotes the bulk of his brief to challenging the notion that cases can be resolved on summary judgment, suggesting for instance that "[s]ummary judgment does not meet 21st century communication standards because summary judgment is not in keeping with 21st century understanding of human consciousness and the law." More pointedly, he challenges the district court's conclusion that he presented no evidence of disability by noting that the Social Security Administration adjudicated him eligible for benefits four times. Jobst, however, has presented no authority for the idea that his receipt of social security benefits proves

that he is disabled under the FHAA. The FHAA defines a person with a disability as someone who is substantially limited in one or more life activities. *See* 42 U.S.C. § 12102(2). Working is one of the major life activities contemplated in the FHAA's definition of disability. *See* 24 C.F.R. § 100.201(b). Although Jobst's receipt of social security benefits might be relevant to his claim that he is substantially limited in his ability to work, it does not conclusively establish that he was disabled under the FHAA. The Supreme Court has rejected the idea that receipt of social security benefits creates a presumption about disability status under the Americans with Disabilities Act, a statute with a definition of disability identical to the FHAA's. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 802, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999); 42 U.S.C. § 12102(2). Jobst has another problem on appeal though. He failed to address the district court's alternative holding that even if he could prove that he has a disability, he offered no proof that the defendants acted on the basis of it. Having failed to address the court's alternative holding, Jobst cannot show that summary judgment was erroneous. *See United States v. Hatchett*, 245 F.3d 625, 644–45 (7th Cir.2001) (failure to address a court's alternative holding results in a waiver of claim of error).

The judgment of the district court is AFFIRMED.